## No. 4661.

## JOHN M. HOYLE v. A. CAZABAT. JACOB, intervenor.

Where a note was paid by anticipation, the payment extinguished the mortgage which was given to secure it. It was an accessory to the contract, and fell when the debt was paid.

Where it appeared that A borrowed a certain sum of money from B, with the avowed intention of discharging notes given to C, and with subrogation of C's rights of mortgage, but C was not a party to this act;

Held—That A had no authority in law to subrogate B to C's rights without C's knowledge or consent.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *O. T. Bemiss,* for plaintiff and appellee. *Julien A. Seghers,* for intervenor.

MORGAN, J. On the twenty-fourth August, 1869, the plaintiff sold to the defendant, Cazabat, a certain piece of real estate. The price of the property was $4500, of which $1500 was cash, and for the balance of $3000 the defendant gave his three promissory notes, each for $1000, payable one, two and three years from date, at the Mechanics' and Traders' Bank, in this city. The notes bore interest at the rate of eight per cent. from the day of sale, and the vendor reserved a mortgage and the vendor's privilege upon the property sold, to secure their

·payment. The notes were deposited for collection in the Mechanics' ·and Traders' Bank. The first note was paid about a month before it was due, although by whom it was paid does not appear, and the pro-·ceeds placed to the credit of the plaintiff, Hoyle.

The second note not having been paid at maturity, the plaintiff caused the property mortgaged to be seized and sold. Hoyle purchased ·it for $3400. Being the vendor, he paid the costs and taxes upon the property in cash, and retained the balance in payment of the note upon which the order of seizure and sale issued, and to pay the note to become due; all of which, with the interest, costs, etc., more than ·consumed the amount of his bid.

After the sale, Jacob intervened, and, alleging himself to be the owner of the first note given by Cazabat, claimed to be paid his pro rata thereon from the price of the sale.

There was judgment against him and he has appealed.

The judgment is correct. The note he holds was paid—by anticipa-tion, it is true—but it was paid, and payment of the note extinguished the mortgage which was given to secure it. It was an accessory to the ·contract, and fell when the debt was paid.

There is an act in the record by which it appears that Cazabat borrowed a certain sum of money from Jacob, with the avowed intention ·of discharging the notes given to Hoyle, and with subrogation to Hoyle's rights of mortgage, but Hoyle was not a party to this act, and ·we do not understand that Cazabat had any authority in law to subro-·gate Jacob to Hoyle's rights without Hoyle's knowledge or consent.

Judgment affirmed.

---

TALIAFERRO, J., *dissenting*. In my opinion there is presented in ·this case an instance of the correctness of the rule which declares that ·where one of two innocent parties must sustain a loss it should fall upon the one by whose negligence or want of prudence the loss arose.

The bank was the agent of the plaintiff to collect the note. A person unknown to the teller of the bank presented himself one month before ·the note was due, and paid it in full, principal and interest, up to the ·time of its maturity. The teller, on receiving payment, delivered the note to this unknown person without placing upon it any cancel mark ·receipt or indication of any kind showing that it was paid. There was nothing upon the note in any manner calculated to cast suspicion upon ·its genuineness as a negotiable instrument. It was negotiated very ·soon after it was paid. Jacob, finding it to be a mortgage note, having nearly a month to run before it became due, and there being no circum-stance that could have given rise in his mind to suspicion, or that was calculated to put a prudent man on his guard when he took it, advanced ·his money upon the faith of receiving a valid and sufficient security.

Hoyle was the holder of this note of Cazabat's and of two other mortgage notes given to him by the wife of Cazabat for the price of property purchased by her. These two notes, with the one in relation to which this controversy has arisen, were transferred by Hoyle to Jacob with subrogation of mortgage rights. No attempt was made on the trial of the case in the court below to ascertain how Hoyle come by the note in question, or to show anything at all impugning his good faith, much less that of Jacob. The plaintiff seems to have rested satisfied that the note having been paid to him it was necessarily paid as to everybody else, acting upon the elementary principle that a debt is extinguished by payment. But, although this is true as between the maker and a *bona fide* holder, it is not always so as to others. And I think the authorities are to this effect.

Mr. Story, in his work on promissory notes, section 384, says: "Although as between the real *bona fide* holder and the maker the payment, whenever or however made, will be a conclusive discharge from the obligation of the note, yet as to third persons it may be far otherwise, for payment means payment in due course and not by anticipation. If, therefore, a promissory note is paid before it is due to any holder, and afterwards, and before its maturity, the same is passed to any subsequent *bona fide* holder the latter is still entitled to full payment thereof at its maturity, for payment of the note before it becomes due is no payment or extinguishment of the debt as to such persons." Parsons on Bills and Notes, volume 1, pp. 279, 280.

I think the judgment of the lower court should be reversed, and a judgment rendered in favor of the intervenor.