## No. 6418.

### ALBERT G. BRICE VS. JOHN A. WATKINS ET AL.

|     |     |
| --- | --- |
| 30  | 21  |
| 105 | 477 |

|     |     |
| --- | --- |
| 30  | 21  |
| 123 | 456 |

Where a party, acting through an agent, loans money on the security of the borrower's mortgage, and the agent, who keeps the note in his possession, pays over from time to time to his principal the accruing interest and parts of the principal of the note received from the maker, finally pays over to the principal the balance due on the note, without stating that he is paying his own money, and without obtaining the consent of his principal to buy, or even intimating that he desired to buy the note, he will not acquire any title to the note; and the note itself, and the accompanying mortgage, will be deemed extinguished.

Subrogation to a creditor's rights and liens only takes place in favor of a third person who pays the debt, (when such third person has no interest in paying it,) by an express agreement to that effect, entered into at the time of payment.

APPEAL from the Second Judicial District Court. *Pardee*, J.

*E. T. Merrick* and *A. G. Brice* for plaintiff and appellee.

*J. Caldwell Pierce* for defendants.

The opinion of the court was delivered by

EGAN, J. Devine, who was engaged in the real estate business and in loaning money for other persons on mortgage and other security, made a loan of money belonging to Boothby, and for his account, to Bowers, and took as security a mortgage upon certain real estate. Devine retained the note, and as the agent of Boothby received and paid over to his principal various amounts of interest, and from time to time extended the mortgage note, with the knowledge and consent of his principal. Part of the principal was also paid by Bowers and accounted for by Devine to his principal, Boothby. Finally the remaining amount due on the note was received by Boothby, the principal, from Devine, the agent. The district judge thought it probable from the evidence that this payment also was made with the means of Bowers, the mortgagor and maker of the note. If so, it would of itself be conclusive of the issues of this case ; but whether so or not, that fact does not change the conclusions which we have reached. Subsequent to the reception by Boothby of the full amount of the note, the present plaintiff, Brice, purchased from Bowers a part of the property covered by the mortgage.

The usual mortgage certificate was required and given, and did not disclose the existence of this mortgage at the time, although in point of fact it had not been canceled on the books of the mortgage office. The present defendant, Watkins, subsequently sued out executory process against the property purchased by Brice, claiming to be the owner and holder of the mortgage note of Bowers, whereupon Brice enjoined upon various grounds, only one of which we consider it necessary to notice ; that is, that the mortgage note had been paid and extinguished and that the mortgage no longer existed or was of force against the property. The evidence discloses that after the several partial payments on the note made through Devine to Boothby or to him as the agent of Boothby, and paid over by him to his principal, the latter received from or through Devine the remaining amount due upon the note. Devine claims that this payment was with his own money and that he thereby acquired the ownership of the note and continued to hold it against the maker, Bowers, until the latter part of 1872, when he transferred it to his father-in-law, Watkins, the present defendant. Both Boothby and Devine testified on the trial.

The former says that he received the money as a payment of the note ; that the investment was a good one ; that the interest was paid on it regularly ; that he had no other use for the money ; that he did not need or want it ; and that *he did not sell or transfer the note to Devine.*

The latter alone says he bought the note from Boothby on the eighth of June, 1872, when he paid him the balance due upon it, $750. He does not detail what conversation occurred between him and his principal at the time. He does not say that he told Boothby that he wished to buy the note for his own account and with his own funds and that Boothby consented, or that the latter even knew that such was his intention. He only swears that he bought the note from Boothby, who needed money and to whom he advanced it. Boothby denies the truth of either statement. He is wholly impartial and without interest or suspicion of interest in the present controversy. His credibility is not impeached by any witness or fact in the record. On the contrary, his statements are sustained by the other facts and circumstances and by the probabilities of the case. He was in the habit of loaning money at interest on good security, and Devine, who was engaged in that business, had effected other transactions for him of similar character. He not only swears that he did not need or desire the money, which was only for investment, and that the Bowers mortgage was (as is evident from the record) a good investment ; but that after receiving the money from Devine he kept it several days unused, and finally loaned it to a gentleman *who had not repaid it.* The note was long overdue, the security good, the interest promptly paid, and the creditor received from

his own agent, as he had received other previous payments, the whole amount remaining due upon the note, without one dollar or cent of discount, even according to the testimony of Devine himself, who does not even pretend to have made a dollar by the transaction. There was no motive for the sale of the note, and the evidence fails to disclose any for its purchase. The probabilities and the reasonableness of the case all sustain the direct repeated and emphatic statement of Boothby, that he did not sell or transfer the note to Devine ; but only received the money, as he thought he was bound to do, as a payment and extinguishment of the note. And such we think it was, whether it was made with the money of Devine or of Bowers, the debtor. That such payment may be lawfully made by a stranger under our law is settled both by the Code and repeated decisions of the courts. R. C. C. 2134. Such payment extinguishes the debt, and, of course, its accessory obligation, the mortgage, as fully as if made by the debtor himself. Subrogation to the rights, actions, privileges, and *mortgages* of the creditor against his debtor can take place only by an express convention or agreement *at the time of the payment* or when the debtor borrows the money to make the payment, which fact must appear by an act declaring it and a receipt for the money, executed by the debtor before a notary and two witnesses, or, lastly, where the person making the payment is shown to have *an interest in* discharging the debt when it takes place of right by mere operation of law. C. C. 2159, 2160, 2161. No convention is here shown with either creditor or debtor, nor is there evidence of such interest or of any interest at all in Devine which would operate legal subrogation in his favor. See, also, Sewall vs. Howard, 15 An. 400, and Oliver vs. Bragg, same, 402. He was, however, not a third person in this matter. He was the agent of the creditor, who transacted the business, effected the loan, took and held the note and mortgage and received payments upon them for account of his principal. He could not acquire the note, the property of his principal, without the consent of the latter, and after a full disclosure of the facts. We agree with the district judge that no such consent and no such disclosure were given or made in this instance. There was wanting the essential ingredient to make a valid sale or purchase of the note ; there was no " *aggregatio mentium.*" The agent could not consent with himself for his principal ; the latter did not consent for himself ; and it is manifest from the evidence that Boothby's consent would not have been given to a transfer of a perfectly good paying investment of funds for which he had no other use to any one,. and especially not to his own agent; and had the latter disclosed to him that such was his intention in making the payment that he would not have received it. See Story on Agency, sec. 210, 211 ; Story's Equity, vol. 1, sec. 315 and 316 ; 13 An. 20 ; 6 La.

415 ; C. C. 1798.    The case of Gusman vs. McCann, 23 An. 87, relied upon by the defendant's counsel, has no application to that at bar, and is not in accord with the later case of Hoyle vs. Bemiss, 25 An. 438, decided by the same court.    In the 23 An. case there was no question of agency or of acquisition by the agent of the property of his principal. The note was acquired by a stranger, who invested his own money, *and before its maturity;* and it appears from the statement of the case that the matter was fully talked over and understood between the parties, and even in that case the court was divided ; and it is very questionable whether under the facts stated it was a *purchase* of the note at all, and whether it was not rather a loan to the debtor of the amount paid for the note, and which consequently could not operate subrogation without the execution of the receipt and declaratory act required by law.    Our opinion would not have been changed had the evidence referred to in the defendant's bills of exception been received by the court below ; but we do not think the court erred in refusing to receive it under the circumstances stated in the bill ; neither does the view which we have taken of the case make the ruling of the court *a qua* in rejecting the schedule and other proceedings in the bankruptcy of Devine necessary to its determination.    We think, however, that the evidence did bear upon issues made in the case, and that it was calculated to throw light upon it, and that it was competent and should have been received under the allegations of plaintiff's petition.

We do not consider it necessary to pass upon the credibility of witnesses or conflict of testimony, further than has been already done in this opinion.    Even taking Devine's own statements of the facts and circumstances under which he claims to have acquired the note and mortgage in question, we think the payment of the money by him to Boothby operated a discharge of the obligation evidenced by the note and mortgage which do not now exist, either against the debtor or the property mortgaged.    If any obligation on the part of Bowers grew out of the alleged use by Devine of his own money in the payment of the debt of the former, it was of a different character, and carried with it neither note nor mortgage.    Even this, however, the district judge thought questionable.    He heard the testimony and saw the witnesses, and we are not prepared to disturb his conclusions, deliberately made and intelligently presented in the record.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be and it is affirmed, with costs of both courts.