No. 2189.

## LEOPOLD FIEVEL *v.* WILLIAM ZUBER.

67   275
79   594
67   275
82   423
67   275
89   248
90   467

1. MORTGAGE.—LIMITATION.—The power of a trustee to sell under a deed of trust may be executed though a right of action in the courts of the country upon the debt secured by the deed, may be barred by the statute of limitations, and the purchaser takes title free from the lien of a subsequent mortgagee with notice.

2. CASES REVIEWED.—Goldfrank, Frank & Co. v. Young, 64 Texas, 432; and Duty v. Graham, 12 Texas, 427, reviewed.

3. STATUTES OF LIMITATION.—Our statutes of limitation with reference to debts operate solely on the remedy in the courts, but do not destroy the debt; following Goldfrank, Frank & Co. v. Young, and overruling Blackwell v. Barnett, 52 Texas, 326.

4. SUBROGATION.—The payment of a debt secured by lien, though made by a stranger to the original contract, if made under an agreement with the creditor that he may hold the security for his reimbursement, subrogates him to the rights of the original creditor.

5. SUBROGATION.—If a third party pay the entire debt secured by mortgage, under an agreement between himself and the debtor, that upon his doing so he shall be subrogated to the rights of the creditor, the agreement will be given effect, and the third party will stand in the place of the original creditor as to all persons interested in the property or the security. The rule in Louisiana under a statute governing it is otherwise.

6. SAME.—If, however, the payment of the debt be made at the request of the debtor, with exclusive reliance on his promise to repay, the mortgage debt is extinguished, and no subsequent act of the mortgagor can revive it to the prejudice of a subsequent lien holder or one purchasing under him.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*McLemore & Campbell,* for appellant, cited Goldfrank, Frank & Co. v. Young, 5 Texas Law Review, volume 5, No. 130, page 425; Ware v. Bennett, 18 Texas, 729, et seq.; Flanagan v. Cushman, 48 Texas, 256.

*Ballinger, Mott & Terry,* for appellee: That the charge of the court was correct, they cited Revised Statutes, Articles 3205, 3207; Duty v. Graham, 12 Texas, 427; Perkins v. Sterne, 23 Texas, 561; Blackwell v. Barnett, 52 Texas, 326; Wofford v. Unger, 55 Texas,

480; Hale v. Baker & Rice, 60 Texas, 217; Ransom v. Brown, 63 Texas, 190.

On their proposition that, whilst the vendor of lands on which a deed of trust for purchase money is retained has his remedy either for his debt or for the land, his remedy for the debt is subject to the bar of four years; the assignee of the note has no paramount right to or remedy for the land, and his remedy for the debt is also subject to the bar of four years, cited Baker v. Compton, 52 Texas, 252; Cassady v. Frankland, 55 Texas, 452; Hale v. Baker & Rice, 60 Texas, 217; Ransom v. Brown, 63 Texas, 190.

On their proposition that no admission of the debt, no act or contract of the debtor or mortgagor, subsequent to the junior mortgage or trust deed duly recorded, could have any effect or force whatever against the latter, nor extend limitation, they cited Gillum v. Collier & Richardson, 53 Texas, 592, 600; Wofford v. Unger, 55 Texas, 480; N. Y., L. I. & T. Co. v. Covert, 29 Barbour, 435; Schumucker v. Sibert, 18 Kansas, 104; Larthet v. Hogan, 1 Louisiana Annual, 330; Lord v. Morris, 18 California, 490.

On their proposition that the junior mortgagee or purchaser of the mortgaged property, in relation to the prior mortgage, holds the property in the light of a surety, and entitled to all the rights and protection of a surety, as to such property, and extensions by K. and R. if they had been valid holders, would have discharged this property as to Zuber, they cited Baylies on Sureties, 490, 494; Kyle v. Davis, 20 Wisconsin, 568; Leston v. Picketts, 24 Wisconsin, 346; Neimcewicz v. Gahn, 3 Paige, 641; Averill v. Taylor, 4 Selden, 51; Haberton v. Bennett, Beatty's Chancery, 386; Willard's Equity Jurisprudence, 113.

On their proposition that the debt as to Zuber being barred, there could be no valid survival, existence or enforcement of the power of sale as to him, that power being a mere incident, and also barred and extinct, they cited Graham v. Vining, 1 Texas, 639; McClenney v. McClenney, 3 Texas, 114, 192; DeCordova v. Galveston, 4 Texas, 470, 482; Weaver v. Shaw, 5 Texas, 286; Fessenden v. Barrett, 9 Texas, 479, 480; Duty v. Graham, 12 Texas, 437; Perry v. Gregory, 13 Texas, 328; Robinson v. Varnell, 16 Texas, 382; Perkins v. Sterne, 23 Texas, 561; Glasscock v. Nelson, 26 Texas, 150; Ross v. Mitchell, 28 Texas, 154; McMasters v. Mills, 30 Texas, 591; Hale v. Baker & Rice, 60 Texas, 219; Lord v. Morris, 18 California, 482; Low v. Allen, 26 Califor-

nia, 141; and see cases from Nebraska, Nevada, Kansas, Illinois and Iowa, cited Jones on Mortgages, section 1207.

GAINES, ASSOCIATE JUSTICE.   On the fifteenth day of June, 1874, Eliza H. Wakeman sold the north half of the northeast quarter of lot forty-three in the city of Galveston to one Lawson for three thousand dollars.   The sum of one thousand dollars was paid at the time of the transaction and two notes were given for the balance, each for one thousand dollars, and bearing ten per cent interest, payable respectively at one and two years after date.   The notes were secured by a deed in trust upon the lot conveyed, executed to one R. A. Brown, as trustee, at the time of the sale, and authorized him, in case of default in payment of either of them, to sell the property at public sale in order to satisfy the debt.   The first note was paid.   When the second fell due the interest was paid and an extension of twelve months was given.

Before the maturity of this note, however, appellee Zuber loaned Lawson seven thousand dollars and took a deed in trust from him on the east half of the lot to secure the debt, and in March, 1880, Lawson and wife conveyed to Zuber the premises so mortgaged in satisfaction of the loan.   Lawson's note to Mrs. Wakeman was sent to Ball, Hutchings & Co. for collection, and when the twelve months extension had run out, was, at the request of Lawson made to R. A. Brown, taken up by the firm of which the latter was a member, Lawson promising to arrange to pay it in a few days.   The note was held by this firm until it was paid by money furnished by Kauffman & Runge for that purpose.   This occurred some seven or eight days after Brown took up the note.   There is evidence tending to show that when Kauffman & Runge agreed to let Lawson have the money he promised that they should hold the note as security.

On the fifteenth day of December, 1879, Lawson endorsed a new promise upon the note sufficient to postpone the bar of limitation so far as he was concerned.

On March 10, 1881, the note being unpaid, Brown was requested by Kauffman & Runge to sell the property under the deed of trust to pay the debt; but declined to do so.   The deed of trust having provided for such a contingency, Kauffman & Runge, appointed one Ruhl substitute trustee, who immediately advertized the entire mortgaged property, and sold it on the twenty-ninth day of the same month. , At this sale appellant Fievel became the purchaser, and shortly after obtained possession of the

premises. Zuber brought suit and obtained a verdict and judgment in the court below and Fievel now appeals.

The court below charged the jury, in substance, that after the deed of trust upon the lot was executed to Austin to secure Zuber's debt, Lawson could not affect the latter's rights, by making a new promise, and that if the note to Miss Wakeman was barred by the lapse of four years from its maturity, the sale from Ruhl, trustee to Fievel, passed no title. This charge of the court is assigned as error. The latter proposition is in accordance with the latest decision of this court upon the question at the time the charge was given. (Blackwell v. Barnett, 52 Texas, 331.)

But in the more recent case of Goldfrank, Frank & Co. v. Young, 54 Texas, 432, that decision was overruled, and it was held that the power to make a sale under a deed of trust could be executed, although the right of action in the courts upon the debt secured by it was barred by the statute of limitation. In that case the controversy was between the original parties to the transaction. In this, the rights of a third party as a purchaser have intervened. But we are of opinion that, as a matter of substantial justice, there is no difference between the two.

Any one has the right to purchase the equity of redemption in mortgaged property, or—to express it in a manner more in accord with the doctrine of our courts—he has the right to purchase the property subject to the mortgage debt. And it may be admitted that neither the mortgagor or mortgagee, after the purchase, can do any act prejudicial to his interest. But it can not be conceded that a vendee of an estate, with notice of an existing lien upon it, acquires any greater right than his vendor, or that his conveyance deprives the prior mortgagee of any remedy for the collection of his debt which existed at the time of its execution. It follows, we think, that if the power in a deed of trust can be executed after an action upon the debt is barred, while the property remains in the hands of the mortgagor, this remedy of the mortgagee can not be taken away by a sale to a third party who has notice of the incumbrance.

But it is contended on behalf of appellees that the doctrine laid down by this court in Goldfrank, Frank & Co. v. Young, supra, should not be adhered to; and it is due to the able and exhaustive argument filed by their counsel that the question should not be passed unnoticed. But for the fact that the former decisions of this court seemingly tend to a different conclusion, we think the authority of that case not likely to have been called in question.

But, with one exception, if there be a seeming inconsistency between that and former cases, we think it more apparent than real. The doctrine in Duty v. Graham, 12 Texas, 427, and in the subsequent cases approving it, is that the mortgage is a mere incident of the debt, and that when action on the latter is barred there is no remedy in the courts to enforce the mortgage. This does not necessarily lead to the conclusion that this statute operates as well upon any remedy the debtor may have outside of the courts.

The statute does not say that no debt shall be collected, but that no action shall be brought. Nor does it provide that the debt shall be considered extinguished. And statutes of limitation worded like ours are generally held to operate solely upon the remedy in the courts, and not to destroy the debt. The one case we have holding the contrary doctrine is Blackwell v. Barnett, 56 Texas, 326, which is itself in conflict with the decision in Shepherd v. Ireland, 36 Texas, 655.

The opinion in Goldfrank, Frank & Co. v. Young shows that Blackwell v. Barnett was overruled after most careful consideration; and we think the principles announced in that opinion supported by sound reasoning and high authority. We are of opinion, therefore, that the doctrine there laid down should be adhered to, and that it is controlling upon the question of the correctness of the instructions upon the trial of the cause. We therefore hold that that court erred in its charge to the jury, and that the judgment must be reversed, unless the uncontroverted facts show that under the law no other judgment could have been lawfully rendered in the court below.

It is insisted on behalf of appellees that the note of Lawson, secured by the deed in trust from him to Miss Wakeman, was paid in so far as the rights of Zuber are concerned. There is evidence in the record tending to this conclusion; but whether all the facts proved establish a payment or a subrogation is a question which we can not here determine. A party who has an interest in property to be protected by discharging an incumbrance upon it, has the right to pay it and to substitute himself to the rights of the lien holder, whether either the creditor or debtor give his assent or not. But neither Brown nor Kauffman & Runge had such right. As long as the note remained undischarged in the hands of the original holder or his endorsers, they were strangers to the title. Brown, as mere trustee in the deed in trust, had the power to make a sale if the debt were not paid,

but had no interest in the property to be protected by the discharge of the lien.

If any subrogation took place, therefore, it must have been by agreement of parties. That this can be accomplished by a payment made in accordance with an express understanding between the debtor, the creditor and a third party, to the effect that if such third party pays the debt he may hold the security for his reimbursement there can be no doubt. (Dillon v. Kauffman & Runge, 58 Texas, 696; Flanagan v. Cushman, 48 Texas, 241.) It is also recognized law that a payment upon a like agreement between a stranger and the creditor will have the same effect. In both these cases, however, this would seem a virtual assignment without reference to the doctrine of subrogation. But upon the proposition that a substitution can be brought about by a contract between debtor and a volunteer, to which the creditor is not a party, the law is not quite so clear. That it can not be done as to a part of the debt, or in any manner to affect the rights of the creditor to his prejudice, does not admit of doubt. But there are numerous decisions which recognize the doctrine that, if a third party pay the entire debt in pursuance of an agreement between him and the debtor, upon his doing so he shall be subrogated to the creditor's rights, the agreement will be given effect, and such third party will stand in the place of the creditor as to all persons interested in the property or the security.

In some of the cases the point is directly decided. (Fuller v. Hollis, 57 Ala., 435; Owen v. Cook, 3 Tenn. Ch., 78; Mitchell v. Butt, 45 Ga., 162; New Jersey Midland R. R. Co. v. Wortendyke, 27 N. J. Eq., 658; Morgan v. Hammett, 23 Wis., 30; Caudle v. Murphy, 89 Ill., 352; see also 1 Jones on Mortgages, sec. 877; 3 Pomeroy's Eq., sec. 1212, note 2; Sheldon on Subrogation, secs. 247 and 248.)

We have not found the rule otherwise, except in the State of Louisiana. (Harrison v. Bisland, 5 Rob., 204; Hoyle v. Cazabot, 25 La. Ann., 438; Brice v. Watkins, 30 La. Ann., 21.) And the opinion in the case first cited (Harrison v. Bisland) shows that the law upon this subject is governed by statute in that State. (See Civil Code La., art. 2156.) Such is not the rule of the civil law. Domat says: "One may acquire the privilege of a creditor without substitution in the same manner as a mortgage, by agreement with the debtor that he who shall pay for him shall have the privilege; and it makes no difference whether the payment be made to the creditor by him who lends the money or by the

debtor with whom the money has been intrusted." (2 Strahan's Domat's Civil Law, Cushing's ed., p. 698, sec. 1783.)

The reason of the rule is thus admirably stated in the author's notes to the text quoted: "The manner of acquiring the right of the creditor, without his substitution, is just and equitable in order to facilitate the payment of debts. It is but just that the debtors themselves should have the power to put in place of the creditors those who pay for them, since nobody receives any prejudice thereby, and since it is the interest of the debtor that he should have the power of making his condition easier by changing his creditor."

If, therefore, when Brown paid the note to Ball, Hutchings & Co., there was an express agreement between him and Lawson, that his firm should hold the note until the money was repaid, or, if the payment was made under circumstances from which such an understanding might reasonably be implied, then Brown or the firm of which he was a member became substituted to the rights of the holder of the note at the time of payment; and under a like agreement or understanding the same rights would be transferred to Kauffman & Runge when they paid the money to Lawson to be paid to Brown.

If, on the other hand, when Brown paid the note, he did it merely as an advance upon Lawson's individual credit and relied solely upon Lawson's promise to pay it back, then the mortgage debt was extinguished, and no subsequent act on part of Lawson could revive it as to appellee Zuber.

From what we have said it will be seen the case must be reversed and remanded. There are other points raised in the brief of appellee's counsel questioning the validity of the sale; but since they have not been argued on behalf of appellant, we shall decline to pass upon them here.

For the error in the charge as pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 28, 1887.