## COMMERCIAL ACCEPTANCE TRUST v. VIEL et al. (No. 9715.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 21, 1922.)

**Subrogation ⊂⇒17—One advancing money to take up mortgage notes entitled to subrogation.**

A third mortgagee, who advanced money to take up notes secured by a first chattel mortgage, was entitled to be subrogated to the rights of the holder to have a lien superior to liens of second and fourth mortgages, though the third mortgage was recorded subsequent to the dates of the second and fourth mortgages.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by the Commercial Acceptance Trust against Victor A. Viel and others. From an adverse judgment, plaintiff appeals. Reversed and remanded.

A. H. Eaton, of Fort Worth, for appellant.
Julian C. Kyer and H. S. Lattimore, both of Fort Worth, for appellees.

DUNKLIN, J. Victor A. Viel purchased an automobile from the Hall Motor Car Company, paying therefor the sum of $600 cash, and executing twelve promissory notes for $110 each, aggregating $1,320, and securing the same by a mortgage upon the car so purchased. The notes and mortgage were dated February 22, 1919, and the mortgage was filed for record in the chattel mortgage records of Tarrant county, in which county the sale was made, on March 6, 1919. Thereafter the mortgage and notes were sold by the Hall Motor Car Company to Tennison-Baer & Frey, of Dallas, Tex. Later, on June 11, 1919, Viel executed another mortgage on the same car to secure the payment of ten promissory notes of $124.61, given to the Hall Motor Car Company, aggregating $1,246.10. That mortgage recited that it was given in part payment for the same automobile. which the Hall Motor Car Company "does hereby sell" and Victor A. Viel "does hereby purchase" for the sum of $2,131.12, of which amount the sum of $885 was recited as having been paid cash, and the notes above mentioned were executed for the balance. That mortgage was filed in the chattel mortgage records of Tarrant county on June 23, 1919. On June 11th, the same day that mortgage was executed, those notes and that mortgage were, for a valuable consideration, transferred and assigned by the Hall Motor Car Company to the American Motors Finance Company of Dallas. At the time of the execution of that mortgage, and in, order to induce the purchase of said notes, the Hall Motor Car Company, by G. O. Hall, its agent and representative, executed and de-

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

livered to the purchaser, the American Motors Finance Company, a written statement to the effect that Viel had actually paid to the Hall Motor Car Company the amount of cash, to wit, $885, recited in said mortgage, and that at that time there were no other prior liens or claims against the automobile. That statement was false, as shown by uncontroverted proof, including the testimony of G. O. Hall himself, since the mortgage first noted was then outstanding and unsatisfied. But the American Motors Finance Company made said purchase in good faith and paid a valuable consideration for the notes without actual notice of the first mortgage.

On September 10, 1919, Victor A. Viel executed another chattel mortgage on the same car in favor of Martin McMains Motor Company, of Fort Worth, to secure a promissory note in favor of that company in the sum of $1,136. That mortgage was filed for record in Tarrant county on September 12, 1919. On the same day of its execution, the mortgagee transferred the lien and note to the Commercial Acceptance Trust of Dallas, for a valuable consideration paid, who took the same without actual notice of the second mortgage. The mortgage recited that it was given to secure the balance of the purchase money for the car. According to the undisputed proof that mortgage and that note were given for the purpose of procuring the amount necessary to pay off and discharge the first mortgage then held by Tennison-Baer & Frey, and with the further understanding that the legal holder of the mortgage should be subrogated to all the rights of the holder of the first mortgage.

On September 10, 1919, the same day the third mortgage was given, Victor A. Viel executed to the Fort Worth State Bank another note for the sum of $500, together with a chattel mortgage in the form of a conditional bill of sale, reciting that if the note so given was not paid by a certain date then the car was to become the property of the bank. This mortgage was not recorded, but possession of the car was delivered to the bank as soon as the note and mortgage were executed. The bank had no actual notice of any other liens outstanding against the car and paid to Viel a valuable consideration therefor at the time.

Thereafter Viel seems to have left the country, and controversies between the respective mortgage holders over the car so mortgaged resulted in the institution of this suit by the Commercial Acceptance Trust, the holder of the third mortgage, which was executed September 10, 1919. All of the other claimants became parties to the suit, either as defendants or interveners, and a judgment was rendered fixing the second mortgage, dated June 11th, as a superior lien, also fixing the fourth mortgage as second in superiority, and from the judgment with respect to those liens the plaintiff has prosecuted this appeal.

Victor A. Viel executed to the Hall Motor Car Company two checks, one dated March 22, 1919, for the sum of $110, and another dated March 31, 1919, for $1,150; the first check bearing a notation showing that it was made as a payment on the car in controversy, and the second check for $1,150 bore the notation in one of its corners, "Check to pay note in full March 31, 1919." Both of those checks were collected by the Hall Motor Car Company. That transaction imported an understanding between Viel and the Hall Motor Car Company that the notes originally given to that company by Viel dated February 22, 1919, and secured by the first mortgage, should be fully satisfied and discharged. But the evidence further shows that at that time the Hall Motor Car Company did not own those notes and that the money so paid was not delivered to Tennison-Baer & Frey, who then held the same. In other words, it appears that Viel in paying the notes took chances on the money being delivered to the holder of the notes, although Hall testified that at the time the checks were taken there was an understanding between him and Viel that Hall might use the money in his business and take up the notes later, and that he did use the money in his business instead of taking up the first notes. Viel did not testify in the case at all, either by deposition or in person.

The notes first given were introduced in evidence and showed that they had been indorsed in blank by the Hall Motor Car Company, by G. O. Hall, and there was also an indorsement across the face of the notes, "Paid 9—22—19." According to testimony of Hall, which was not controverted by the testimony of any other witness, the date of the payment so marked on the notes was correct, and on that date those notes were paid off and discharged with the money advanced by plaintiff Commercial Acceptance Trust at the time it took over the third mortgage and notes from Martin-McMains Company, which were dated September 10, 1919. At that time the first mortgage had never been released of record and there was no testimony from any witness that Tennison-Baer & Frey did not then hold those notes. If the notes were then unsatisfied and outstanding, as the great preponderance of the evidence seems to show, and if the plaintiff by advancing the money to take up those notes became subrogated to the rights of their holder, as the great preponderance of the evidence tends to show, then plaintiff's lien was superior to all other liens and claims, even though the third mortgage under which the right of subrogation arose was recorded subsequently to the dates of the second and fourth mortgages. Randolph v. Brown, 21 Tex. Civ. App. 617, 53 S. W. 825;

Whiteselle v. Texas Loan Agency (Tex. Civ. App. 27 S. W. 309; Sanger Bros. v. Ely & Walker Dry Goods Co. (Tex. Civ. App.) 207 S. W. 348.

Since plaintiff's claim for a superior lien upon the car was supported by such a preponderance of the evidence as indicated above, the judgment of the trial court is reversed, and the cause is remanded for another trial.