## ELLIS et al. v. ARNOLD et al.
### (No. 10415.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 10, 1923.)

1. **Principal and agent ⬅103(10)—Authority to collect note held not to empower agent to transfer note under agreement that transferee be subrogated to holder's rights therein.**

Vendor's agent who had possession of vendor's lien note for collection had no authority to transfer and assign the note, or a half interest therein, together with the vendor's lien securing it, to a person who had made a payment on the note as an accommodation to the purchaser's successors in interest, who had assumed payment, under an agreement that such person be subrogated to the vendor's rights in the note to the extent of the amount so paid.

2. **Subrogation ⬅28—One who made payment on note as accommodation held not entitled to subrogation to holder's rights in absence of· agreement with holder.**

One who made a payment on a note solely as an accommodation to person liable thereon was a mere volunteer, and was not entitled to claim the equitable right of subrogation in the absence of an agreement with the holder or holder's authorized agent giving him such right,

especially where the payment did not extinguish all notes held by the creditor secured by such lien.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by S. L. Ellis, individually and as trustee for the use and benefit of Mrs. Nannie Burch, against R. F. Arnold, Jr., and others, in which Fred T. Arnold intervened. From a judgment rendered, the plaintiff appeals. Reversed and rendered.

Brown & Graham, of Graham, for appellant.

Penix, Miller & Perkins, of Mineral Wells, and Fred T. Arnold, of Graham, for appellees.

DUNKLIN, J. Mrs. Nannie Burch conveyed to E. K. Longan two lots in the town of Newcastle, in part consideration for which Longan executed his two notes secured by a vendor's lien on the property, each for the principal sum of $1,000. The notes were dated August 5, 1919; one matured January 1, 1920, and the other January 1, 1921.

Longan sold the two lots to R. F. Arnold, Jr., who assumed payment of the notes, and as a further consideration for the sale he executed to Logan his note for $500, dated January 20, 1920, which recited that it was secured by a vendor's lien on the lots, but that the lien was subject to the prior vendor's lien given to secure the two notes in favor of Mrs. Nannie Burch, which were described as two $500 notes. Longan sold the notes so executed by Arnold to S. L. Ellis before maturity for valuable consideration. Arch Woolfolk became the owner of one of the lots through some trade made with Arnold under an agreement to pay one-half of the Burch notes.

On April 30, 1920, the first note in favor of Mrs. Burch, being the one that matured January 1, 1920, was paid in full as evidenced by a memorandum indorsed thereon showing that on April 30, 1920, R. F. Arnold and Arch Woolfolk each paid $500 of the principal, and $36.81 interest. And following those credits was the indorsement "Paid April 20, 1920, T. S. Burch."

The second note in favor of Mrs. Burch being the one maturing January 1, 1921, also had a credit indorsed showing a payment by Arch Woolfolk on January 4, 1921, of $500 of the principal and $70.10 as one-half of the interest due January 1, 1921.

This suit was instituted by S. L. Ellis, as trustee, for the use and benefit of Mrs. Nannie Burch, against R. F. Arnold, Jr., to recover the amount due on the second vendor's lien note executed to her by Longan, and in his own right to recover on the $500 note executed by R. F. Arnold, Jr., to Longan and assigned to plaintiff, and also to foreclose the vendor's lien on the two lots for which they were given. Fred T. Arnold filed a plea of intervention in which he alleged that the $500 with interest credited to R. F. Arnold, Jr., upon the first note to Mrs. Burch was furnished and paid by the intervener, with the specific understanding with the holder of that note that the amount so advanced should not operate as extinguishment of one-half the debt, but with the understanding and intention that he should become subrogated to the rights and equities of the holder to one-half of said debt, and to the vendor's lien originally given to secure the same, which lien was superior to the lien given to secure payment of the $500 note later executed by R. F. Arnold, Jr., in favor of Longan.

The evidence showed that the first note for $1,000 in favor of Mrs. Burch was left by T. S. Burch, her agent, in the First State Bank of Newcastle, whose managing officer was Mr. Coffield, and that the amount credited to R. F. Arnold, Jr., on the back of that note, as shown above, was paid by intervener to Coffield as officer of the bank during the absence of T. S. Burch from the state, and that later T. S. Burch marked the note paid. It further appeared that, after the indorsement of the credits and the notation of payment on the back, the note was delivered to Woolfolk, who kept it in his possession for approximately 18 months, when he returned it to T. S. Burch, when the latter was informed of the claim of intervener, Fred T. Arnold, of the right of equitable subrogation by reason of his advancement of one-half the amount paid. Intervener Fred T. Arnold testified, in substance, that when he advanced and paid to the bank the amount credited to his brother R. F. Arnold Jr., on the back of the first note in favor of Mrs. Burch he had a specific understanding with Mr. Coffield, the banker, that the note to the extent of one-half that was due and the lien securing same would be assigned to intervener and that the amount so paid was advanced under and by virtue of that agreement. He further testified that when he later called on Coffield for the note he was informed that it had been delivered to Woolfolk because the latter claimed the right to have it since it was his note in part. Coffield did not testify.

The case was tried before a jury, and following are the special issues submitted with findings thereon:

"Special Issue No. 1. At the time of the conversation, if any, testified to by Fred T. Arnold, between the said Arnold and Mr. Coffield, was the said Coffield representing and acting for T. S. Burch in the collection and discharge of said note? Ans. Yes.

"Special Issue No. 2. Was it agreed and understood between Fred T. Arnold and Mr. Coffield that such note should be transferred to the said Fred T. Arnold upon payment by the said Fred T. Arnold of the remaining one-half of such note? Ans. Yes."

The proof shows that T. S. Burch held the note as the agent of his mother, Mrs. Nannie Burch, for collection only, and that he never authorized Coffield to transfer the note or any interest therein to any one, and there is a total absence of proof that Mrs. Burch ever delegated to Coffield such authority or had any notice that the note had been left in the bank. The evidence further showed that shortly prior to the filing of the suit, which was approximately 18 months after the first note in favor of Mrs. Burch had been marked paid and delivered to Woolfolk, T. S. Burch was then for the first time informed of the claim later asserted in Fred Arnold's plea of intervention, and that after receiving such information he procured the note from Woolfolk to be used as evidence upon the trial.

[1] The agency of T. S. Burch and of his subagent, Coffield, to collect the note did not carry with it authority from Mrs. Burch, the owner of the note, to transfer and assign it or a half interest in it, together with the lien securing the same, to intervener, Fred T. Arnold. Hence, the findings of the jury that Coffield as the representative of T. S. Burch agreed with intervener to assign the note to him, in consideration of the payment of the balance due on it after Woolfolk had paid the half of it which he owed, cannot be given effect in intervener's favor on the issue of subrogation. Kelly v. Pelt (Tex. Civ. App.) 220 S. W. 199; 21 R. C. L. pp. 869–72.

"Authority to an agent to collect or receive payment of a note or other demand, does not imply authority to sell, transfer, or otherwise dispose of it. Nor will authority to an agent to accept a note in settlement of a demand, imply authority in the agent to afterward sell the note so taken." 1 Mechem on Agency, § 960.

[2] Intervener was under no legal or moral obligation to pay the sum which was credited to R. F. Arnold, Jr., on the back of the first note in favor of Mrs. Burch. According to his own testimony he made the payment solely as an accomodation to his brother. Hence, he was a mere volunteer, and as such not entitled to claim the equitable right of subrogation, in the absence of an agreement with the holder or her duly authorized agent, giving him that right. Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; M., K. & T. Ry. v. Hood (Tex. Civ. App.) 172 S. W. 1120; Bell v. Franklin (Tex. Civ. App.) 230 S. W. 181; 25 R. C. L. pp. 1324, 1325, 1337–1339. Especially is that general rule applicable when the payment made does not extinguish all the notes held by the creditor, which are secured by the same lien, as is true in the present suit. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Askey v. Stroud (Tex. Civ. App.) 240 S. W. 339; Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; 25 R. C. L. p. 1318.

For the reasons noted, the judgment of the trial court is reversed, and judgment is here rendered denying intervener any relief, and in favor of plaintiff Ellis against defendant R. F. Arnold, Jr., for the amounts shown to be due on the two notes sued on with foreclosure of vendor's liens on the two lots described in plaintiff's petition. His recovery on the note executed by E. K. Longan to Mrs. Burch, same being for the balance of the principal of $500 with interest and attorney's fees stipulated therein, is for the use and benefit of Mrs. Nannie Burch, and his recovery on the note executed by R. F. Arnold, Jr., to E. K. Longan, consisting of principal and interest thereon, as shown by its terms, is for plaintiff's own use and benefit. And the lien foreclosed to secure the last-named note is inferior and subject to the lien and foreclosure to secure the first note owned by Mrs. Burch, which is a first lien.