Smoot & Smoot and W. W. Shuler, all of Wichita Falls, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellees.

MARTIN, Justice.

On July 11, 1928, August Progakis, a Greek citizen of Wichita county, bought the land in controversy from W. H. Stath and wife, the consideration being $10 cash and the assumption of the balance on a vendor's lien note for $750 due Cleveland and Littrel, payable in monthly installments and a debt due Shamburger Lumber Company for $1,150, secured by mechanic's and material lien for lumber and other materials Stath had used in the erection of a house on the premises.

On the same date of purchase, it appears that Progakis addressed a letter to a Greek friend, Paul Kostas, in which he said:

"Friend Paul Kostas: If you help me pay the first mortgage on the farm and the taxes then I will give you for security the first mortgage for your security for what you have advanced me, for I am not making anything to make any payments on all my obligations and I do not wish for you to lose your money that you have advanced me.

"With respect,

"August Progakis."

### KOSTAS v. C. D. SHAMBURGER LUMBER CO. et al.

No. 13238.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 11, 1935.

Rehearing Denied Nov. 15, 1935.

It appears that Kostas at various times thereafter advanced money to Progakis for the purpose of meeting the assumed obligations. It also appears that he advanced certain sums to him to install appliances for light and gas, build fences, etc., upon the property.

It also appears that Progakis deeded the property to a cousin, Louis Mandalakas, who also let him have some $350 in money and then deeded the property back to Progakis.

It appears that Progakis placed all the money he got from these other persons, together with his own earnings, in the bank, secured cashier's checks, and made such payments as were made on his obligations with these checks.

No express contract as to subrogation of any lien as between Progakis and Kostas was made until November 28, 1933, when they executed a contract by the terms of which Kostas was to pay off the balance due on the vendor's lien—recited to be $250—and Progakis authorized the holder of said note and security to transfer the same to Kostas. When this was done and Kostas came into the possession of the note and its security, he had advanced, first and last, for all purposes, the sum of $1,221.74. When Kostas paid off the balance of this first lien and had the same duly transferred to him, he requested G. A. Smoot, trustee in the deed of trust executed by Stath and wife to secure the original vendor's lien, to advertise and sell the property, which was done by Mr. Smoot on March 6, 1934, Kostas buying the property at a price of $1,221.74, the amount claimed to be owing him by Progakis. He paid no money at such sale, but the amount of his bid was credited on what he claimed was due on the first lien.

On June 7, 1934, the Shamburger Lumber Company brought this suit to set aside the trustee's sale, alleging fraud and collusion on the part of Progakis and Kostas, irregularity in the notices of· sale, setting up its debt and lien, and praying for judgment establishing the same and canceling the trustee's deed, declaring priorities and for foreclosure and for general relief both at law and in equity.

Defendants Progakis and Kostas answered, the former denying fraud and acknowledging that he owed Kostas the various sums claimed, while the latter pleaded the same and pleaded over setting up his deed of trust and prayed for judgment in the alternative, foreclosing the same in case the court failed to confirm his title under the trustee's sale.

The case was tried to the court and resulted in a judgment for Kostas for $374.78 on the first lien with foreclosure and for the Shamburger Lumber Company establishing its second lien for $1,065.77, and providing the usual orders of foreclosure with statement of priorities, etc. Counsel for Progakis and Kostas applied for and received at the hands of the court written findings of fact and conclusions of law and gave notice of appeal to this court. Kostas perfected his appeal by filing bond. Progakis did not.

## Opinion.

Error is assigned to the action of the court in overruling the general exception of defendants to plaintiffs' petition because the petition did not specifically tender the amount due on the first lien. When we consider the entire petition, we are led to believe it was not subject to the objection raised, the main cause of action being to first set aside and cancel the sale and then for an adjustment of priorities after ascertainment of the respective amounts due each of the creditors. The appellee here held a second lien, it saw the holder of the first lien in possession of the property. By proper inquiry it learned or should have learned that he had acquired the lien from the holder upon the payment of a balance of less than $400 and that he bought it in for $1,221.74 and paid no cash at that. We do not think the case pleaded called for a tender to be made with the original petition. Hart v. Estelle (Tex. Civ. App.) 34 S.W.(2d) 665.

Error is assigned to the action of the court in canceling the trustee's sale and the title held by Kostas by virtue of such sale. As this matter is presented, we cannot reverse the judgment on this ground, regardless of what may be the real facts. At the beginning of the trial a stipulation was entered into which counsel claim did not express all that was intended to be expressed—that counsel for appellant had an "explanation" which should have gone into the record but did not. On motion for a new trial and by bill of exceptions, it was called to the attention of the trial judge and overruled by him. It was not shown in the record that this omission in the "stipulation" affected the court's judgment anyway and no excep-

tion was taken in the trial court to his findings and no request made for additional findings. In this state of the record we cannot take cognizance of such matters. The court refused the bill of exceptions presented and the transcript does not show that this action was excepted.to.

Error is assigned to the action of the court in not allowing Kostas to collect the full amount of his debt as a prior lien against the property under the letter herein copied and the facts proven.

The court's finding upon this question is as follows:

"That defendant August Progakis, a single man, has worked at various places from March 1, 1927, to December 2, 1930, and has deposited part of his earnings in bank; that he has at various times secured sums of money from Louis Mandalakas and from Paul Kostas and deposited same in said account in bank and thereby commingled all such funds in such (bank) accounts or the amounts of such funds to be withdrawn, paid or expended. * * *"

"That prior to December 2, 1933, the time the deed of trust and note was assigned to him, Kostas had advanced to Progakis certain monies for electric light fixtures, water well; electric water pump, garage, fences, plumbing, $60.00 in taxes, hot water heater and other similar appurtenances," none of which were provided for in the note and deed of trust.

The court concluded that such advancements under these circumstances could not be tacked on to the face value of the note and deed of trust to defeat the claim of a junior lienholder. We cite in this connection the case of Ellis v. Arnold (Tex. Civ. App.) 258 S. W. 570, and authorities there cited. In the instant case there is no evidence of any understanding between Kostas and the holder of the note and lien until the final purchase for $325.

Error is assigned in that the court failed to render any judgment in favor of Kostas as against Progakis for the amount of the various sums advanced by him. In this we think there was error. Kostas and Progakis both pleaded and both testified that Progakis owed Kostas at least the sum of $1,221.74, and he should have had judgment for that amount in full with his foreclosure on the property to cover the sum of $374.78 as found by the trial court, the balance to be recovered by ordinary execution. The judgment in this respect is here reversed and rendered, but as to appellant and appellee lumber company the judgment of the trial court is affirmed, and the appellant Kostas will be taxed with all costs.

