**Daniel J. MULCAHY, Appellant,**

v.

**PASADENA STATE BANK, Pasadena, Texas, Appellee.**

No. 3746.

Court of Civil Appeals of Texas.

Waco.

April 28, 1960.

Rehearing Denied May 19, 1960.

Fred D. Jamail, Houston, for appellant.

Law office of James G. Donovan, Houston (John M. Fakes, Houston), for appellee.

WILSON, Justice.

Superiority, as between a federal tax lien and a lien appearing on a motor vehicle certificate of title, is the principal question involved. The appeal is from a judgment in a nonjury case declaring the latter lien superior.

The following sequence of events leads to this controversy: (1) The entire title history of the automobile in question shows the owner, the first assignee from the dealer, to be Jack D. Mason, although this owner's actual name is Masor. In 1955 there existed, and the title certificate

showed a lien from Mason in favor of River Oaks State Bank. (2) On May 20, 1957 the River Oaks bank repossessed the vehicle from Masor who, desiring the repossession not be shown on the record, informed W. K. Love of the River Oaks bank's action. (3) Love applied for and obtained a loan from appellee consummated as follows: appellee ascertained from the River Oaks bank the amount due on its note secured by the lien and a description of the car. Appellee issued its draft payable to Love for the River Oaks balance. Love delivered the draft to River Oaks which executed the printed release of lien form on the title certificate which it then delivered to appellee. The following day Masor executed a power of attorney authorizing transfer of the title to Love, who executed a note and chattel mortgage to appellee. A new title certificate was issued showing Love as owner and a lien in appellee's favor dated May 20, 1957.

(4) In 1956 a notice of Federal tax lien under 26 U.S.C.A. §§ 6321-6323, 1954 Internal Revenue Code, upon all property of Jack D. Masor was filed in the office of the County Clerk of Harris County, where the automobile was located. Appellant Mulcahy purchased the vehicle in question, which had been seized for non-payment of tax, at a public auction sale held by the District Director of Internal Revenue, October 15, 1957. The certificate of sale recited "all right, title and interest of the said Jack Masor" was transferred to appellant.

Appellee's suit against Mulcahy asserted its lien and alleged it was subrogated to the lien of River Oaks State Bank which was a subsisting first lien. It sought foreclosure, an order of sale and a judgment declaring that any interest of Mulcahy was inferior and subordinate. Mulcahy pleaded the sale to him in satisfaction of the tax lien. He claimed that since River Oaks did not assign its lien to appellee, but released it, and since appellee took a new security, there was no subrogation; and his title through the Federal tax lien was superior. The trial court rendered judgment for appellee against Mulcahy for possession of the automobile and for foreclosure of its lien.

The trial court found there was an implied agreement between the two banks and Love that appellee would be subrogated to the existing valid first lien of River Oaks, and that Mulcahy was told by appellee that it was claiming a valid first lien, before he purchased at the tax sale. The court found that appellee had no actual notice of the tax lien, and concluded it had no constructive notice because the certificate of title was in the name of Mason and the tax lien was in the name of Masor; that the tax lien was void "because the Federal government had not complied with Art. 1436-1 of the Texas Penal Code"; that appellee was subrogated to the lien of River Oaks State Bank, and the lien acquired by appellee was "superior and prior to the lien of the United States Government." Appellant's points attack the conclusions, but not the findings.

Art. 1436-1, Sec. 44, Vernon's Ann.Tex. P.C. provides that "No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof" unless the notation of such lien is caused to be made on the title receipt or certificate.

The Revenue Code of 1954, 26 U.S.C.A. § 6323(a) (1) provides that notice of the lien for unpaid federal taxes shall be filed in the office designated by the law of the State. By Art. 6644, Vernon's Ann.Tex. Stats., the Legislature designated the office of the County Clerk for this purpose, directing the filing therein of every notice of lien in favor of the United States when the notice is prepared in conformity to the laws of the United States. Subd. (b) of Sec. 6323 declares such notice, if properly prepared, shall be valid "notwithstanding any law of the State or Territory regarding the form or content of a notice of lien."

No question is raised as to the formal sufficiency of the notice of lien for federal taxes, except that Masor's name is spelled

correctly, rather than as in the title certificate.

■ The federal tax lien was not invalid for failure to note it on the title certificate. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705.

■ The propriety of the judgment rests, therefore, on whether appellee succeeded, or was subrogated, to the rights of the River Oaks bank, since the latter's lien was prior in time to the tax lien, and was in no sense inchoate. The trial court's finding that there was an implied agreement between the two banks and Love that appellee would be subrogated, is not challenged by appellant. The fact that the River Oaks bank as lienholder executed the release on the certificate of title form, rather than an assignment to appellee, does not preclude the finding as to subrogation, nor will such release be necessarily regarded in equity as extinguishing the lien. Fievel v. Zuber, 67 Tex. 275, 3 S.W. 273; First Nat. Bank of Houston v. Ackerman, 70 Tex. 315, 320, 8 S.W. 45, 47; Ward-Harrison Co. v. Kone, Tex.Com.App., 1 S.W.2d 857, 859; Sanger Bros. v. Ely & Walker Dry Goods Co., Tex.Civ.App., 207 S.W. 348, 350, writ ref.; Commercial Acceptance Trust v. Viel, Tex.Civ.App., 238 S.W. 310, no rehearing; San Antonio Cattle Loan Co. v. Blalack, Tex.Civ.App., 256 S.W. 974, 975, affirmed Tex.Com.App., 267 S.W. 474; Lusk v. Parmer, Tex.Civ.App., 114 S.W.2d 677, 680, writ dis.

■ The undisputed evidence and the findings establish appellee had no actual notice of the tax lien, and that appellant had actual, as well as constructive notice of the bank's lien. The court did not improperly determine that equity preserved the valid lien of the prior encumbrancer; and that appellee's lien, by virtue of the subrogation, was not cut off by the tax sale. Yonack v. Interstate Securities Co. of Texas, 5 Cir., 1955, 217 F.2d 649; 39 Tex.Jur., Subrogation, Sec. 29, p. 788.

Affirmed.