### Z. BAILEY v. J. M. DEWARE.

#### Application No. 1467.—Decided June 3, 1897.

**Jurisdiction of Supreme Court—Conflicting Decisions—Cases Distinguished.**

Refusing a writ of error, sought on the ground that the judgment reversing and remanding the cause overrules Alliance Milling Company v. Eaton, 86 Texas, 401; Tittle v. Van Leer, 89 Texas, 174, and other cases on the question of alleging and proving acceptance by beneficiaries of a trust deed, the court distinguish the opinion of the Court of Civil Appeals, which held that such issue was not raised by the pleadings, as being one upon a question of pleading in garnishment proceedings, and not necessarily involving any conflict with such former rulings. (P. 92.)

APPLICATION for writ of error to the Court of Civil Appeals for the Third District, in appeal from Marion County.

The proceeding was by garnishment brought by Bailey against Deware, trustee for Bower. Plaintiff had judgment and the trustee appealed. The judgment was reversed by the Court of Civil Appeals and appellee applied for a writ of error on the ground that the decision virtually overruled previous cases.

*L. S. Schluter*, for application.—The court erred in ruling that the pleadings do not raise the issue of acceptance of the deed by creditors because the pleadings do raise the issue or question of priority and superiority of lien, as between appellee and the beneficiaries named in the deed of trust.

The court erred in holding that the burden of proof was on the plaintiff to plead and prove that the trust deed had never been accepted or assented to by the beneficiaries named, which ruling overrules the following cases decided by this court, viz: Alliance Milling Co. v. Eaton, 86 Texas, 401; Tittle v. Vanleer, 89 Texas, 174. And such holding also overrules the decisions of the Court of Civil Appeals in the following cases, viz: Wallace v. Bagley, 26 S. W. Rep., 519; Murphy v. Ark. City Milling Co., 26 S. W. Rep., 853; Hamilton-Brown Shoe Co. v. Mayo, 27 S. W. Rep., 781.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals in this case reversed the judgment and remanded the cause; and it is claimed in the petition for the writ of error that this court has jurisdiction, upon the ground that the decision of the Court of Civil Appeals overrules the decisions of this court and of other Courts of Civil Appeals in the following cases: Alliance Milling Co. v. Eaton, 86 Texas, 401; Tittle v. Vanleer, 89 Texas, 174; Wallace v. Bagley, 26 S. W. Rep., 519; Murphy v. Milling Co., 26 S. W. Rep., 853, and Hamilton-Brown Shoe Co. v. Mayo, 27 S. W. Rep., 781.

This was a garnishment case. In his answer the garnishee admitted that he had in his hands a sum of money, the proceeds of certain property which had been conveyed to him, as trustee, in a deed in trust, by the defendant in the suit, for the benefit of certain creditors; but he did not allege that any of the creditors had accepted before the writ of garnishment was served upon him. The plaintiff contested the answer, alleging that the debts intended to be secured by the deed of trust were fictitious, but did not aver that the creditors had not accepted before service of the writ. The Court of Civil Appeals held, that the pleadings of the parties did not raise the question of the acceptance by the creditors. All the cases referred to in the application hold that a deed in trust in the nature of a mortgage to secure creditors does not take effect as to the beneficiaries until it is accepted by them. The decision of the Court of Civil Appeals does not assert the contrary of this proposition. That court merely decide a question of pleading in garnishment cases. The only case of those relied upon in which a question of pleading was involved is that of Tittle v. Vanleer. There it was held, that in order for a trustee in a deed in trust of the character of that in question to recover of an attaching creditor of the mortgagor, who had seized the mortgaged property, it was necessary for him to allege and prove that some one of the beneficiaries had accepted before the attachment was levied. It is not for us to say here whether the ruling of the Court of Civil Appeals is correct or not; but we do say that the question decided by them is different from that decided in Tittle v. Vanleer. Therefore, they have not overruled our decision in that case. Before it can be held that one decision overrules another, there must be a direct conflict between them.

The application is dismissed for want of jurisdiction.

*Application dismissed.*