**J. R. DUNAWAY RIG & LUMBER COMPANY, Appellant,**

v.

**Dean BLESSING, Jr., et al., Appellees.**

No. 6758.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 11, 1954.

Rehearing Denied Dec. 30, 1954.

W. Clyde Hull, Pittsburg, for appellant.

Florence & Florence, Edwin M. Fulton, Gilmer, Thompson & Stripling, Nacogdoches, for appellees.

HALL, Chief Justice.

Appellant instituted this suit against appellees for the sum of $1,324.72, with 6% interest thereon, $250 attorney's fee and foreclosure of a materialman's lien on appellee James Brittain's store furniture and fixtures. Appellant also alleged that Dean Blessing and appellee Onie Blessing were partners composing the firm of E. D. Blessing & Son engaged in the business of building contractors; that on the occasion when this cause of action arose, Dean

Blessing was engaged in building and constructing counters, shelving, tables, store fixtures and furniture for appellee James Brittain.

Appellee Onie Blessing answered with general denial, and specially denied "that any partnership ever existed between her and Dean Blessing." She also denied that she had purchased any of the merchandise listed by appellant and that she had no knowledge of any such purchases by Dean Blessing. Mrs. Blessing's answer was properly verified.

Appellee James Brittain answered that on or about April 25, 1952, he entered into a contract with E. D. Blessing, Jr. (Dean Blessing) to build, erect and install certain counters, shelving, tables and mirrors in his store in Pittsburg, Texas, for a contract price of $2,200. Blessing was to furnish all materials and labor. Brittain alleged further that he had made payment to Blessing for all installations, the full contract price, the last payment being made on May 20, 1952, the date the work was completed. Brittain also averred that the first notice received by him of any indebtedness due appellant by Blessing was on August 20th or 21st, 1952, in a letter from appellant's attorney, about three months after he had paid Blessing the full contract price for the construction job. Dean Blessing did not answer.

Trial was to the court without a jury and resulted in judgment for appellant against Dean Blessing, individually, for the full amount of appellant's claim, together with interest and attorney's fees. A take-nothing judgment in favor of appellees Brittain and Onie Blessing was entered by the trial court.

Appellant's first point complains of the action of the trial court in denying him a foreclosure of a materialman's lien against appellee Brittain.

About one year prior to the inception of the contract between Dean Blessing and Brittain, E. D. Blessing, Sr., died. Before his death he and his son, Dean Blessing, composed the firm of E. D. Blessing & Son

and were engaged in the general contracting business. After E. D. Blessing, Sr.'s death, Dean Blessing, the son, qualified as administrator of his father's estate and under orders of the probate court continued to carry on the business of E. D. Blessing & Son. Previous to the date of the contract here involved was entered into, the probate court revoked Dean Blessing's authority to continue to operate the business of his father's estate. Dean Blessing, Jr., and his mother, Onie Blessing, were the only heirs of E. D. Blessing, Sr. When Dean Blessing contracted with Brittain he was acting alone, unless as contended by appellant, he and his mother, Onie Blessing, were partners. It is undisputed that the contract was completed on or about May 20, 1952; payment by Brittain to Dean Blessing was in full; and the fixtures installed and turned over to Brittain.

Appellant's claim is based upon art. 16, Sec. 37 of our Constitution, Vernon's Ann.St., which reads: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." It is undisputed that the articles manufactured and placed in Brittain's building are personal property. In respect to such class of property it has been held that the above constitutional provision is self-executing without the aid of an Act by the Legislature, and that "equity would govern the foreclosure of the lien" given by the Constitution on personal property. Warner Elevator Mfg. Co. v. Maverick, 88 Tex. 489, 30 S.W. 437, 31 S.W. 353, 499; Wichita Falls Sash & Door Co. v. Jackson, Tex. Civ.App., 203 S.W. 100, 101, and authorities there cited. It is our opinion that the above rule of equity would apply only to parties to the contract and other parties who may "by implied contract or otherwise become liable for payment of the debt." Texas Law Review, Vo. 28, No. 3, p. 305, exact reference top of page 318. This article is by Prof. M. K. Woodward of the Univer-

sity of Texas. There is no testimony that appellee Brittain was a party to the arrangement between Dean Blessing and appellant whereby appellant was to furnish the materials to Blessing to fulfil his building contract with Brittain. Brittain testified that he had no notice or knowledge of the purchase arrangement between Blessing and appellant. It is true appellant's agent testified that he told Brittain about Blessing's indebtedness to appellant before the job was completed. Brittain denies such statement. In the absence of findings of fact and conclusions of law by the trial court (none being requested) we must presume that the trial court found this disputed issue of fact in such a way to support the judgment rendered, that is, that appellee Brittain had no notice of any indebtedness owing by Blessing to appellant for materials furnished in carrying out the contract that Blessing had entered into with him. In respect to notice appellee Brittain testified:

"Q. Mr. Brittain, the first notice that you received, or the first information that you had that J. R. Dunaway Rig & Lumber Company was claiming any indebtedness whatever against Dean Blessing or E. D. Blessing & Son was when? A. The first information I had was when I received a letter from Mr. Hull (appellant's attorney) on August 20, 1952. That was the first information I had that that hadn't been paid.

"Q. And you had made the last payment three months before that was received? A. That is right.

"Q. And that was done in accordance with your contract with Blessing? A. Yes, sir. In fact, Mr. Roberts (agent of appellant) knew that I was paying Mr. Blessing along as the work progressed and he never let me know one time that he wasn't paying him, and he knew all along that I was paying Blessing.

"Q. If he had told you that Blessing owed them anything what would you have done? A. I wouldn't have paid him one penny."

Under the rule laid down by the Wichita Falls Sash & Door Co. v. Jackson, case, supra, to the effect that equity must be resorted to in the enforcement of this constitutional lien in respect to personal property, no enforcement would lie here against Brittain for lack of notice to him of such indebtedness. As stated above we must presume in the absence of findings of fact and conclusions of law by the court and on the evidence shown in the record, in support of the judgment rendered for Brittain, that the trial court found no notice to him of any indebtedness owing by Blessing to appellant. Munn v. Riggs, Tex.Civ.App., 257 S.W.2d 714; Gray v. Luther, Tex.Civ. App., 195 S.W.2d 434, w/r.

Appellant's second point asserts that the trial court erred in denying judgment against appellee Onie Blessing.

As heretofore pointed out, Onie Blessing denied under oath that she was a partner with her son, Dean Blessing, during the construction project here involved. Her testimony was to the same effect. Granting that there was sufficient circumstances to raise the issue of partnership between Onie Blessing and Dean Blessing, which we seriously doubt, such testimony and circumstanecs raised a disputed issue of fact which was presumably found by the trial court in favor of Mrs. Blessing in support of the judgment rendered in her favor. See authorities cited next above.

Appellant's witness testified that Mrs. Blessing came to Pittsburg after the work was completed by her son and agreed to pay the balance due by him to appellant. This fact was also denied by Mrs. Blessing. In support of the judgment rendered in favor of Mrs. Blessing it must be presumed that the court found this issue in such manner as to support the judgment for her. In both instances discussed next above there is sufficient evidence to support the judgment rendered by the court in favor of Mrs. Blessing. This point is overruled.

The judgment of the trial court is affirmed.