**CONTINENTAL RADIO COMPANY, Inc.,**
**Appellant,**

**v.**

**CONTINENTAL BANK & TRUST COM-**
**PANY et al., Appellees.**

**No. 14095.**

Court of Civil Appeals of Texas.

Houston.

May 30, 1963.

Rehearing Denied June 20, 1963.

Carey Williams, Houston, for appellant.

Anderson & Frank, Houston, Simon M. Frank, Houston, for appellee Continental Bank & Trust Co.

COLEMAN, Justice.

This is a lien priority case. Appellant contends that it acquired a constitutional lien on an airplane under the provisions of Art. XVI, Sec. 37, of the Constitution of Texas, Vernon's Ann.St., by virtue of labor performed and materials furnished in the installation of an auto-pilot and related instruments in the plane. It is contended that the lien so acquired is prior in right to the subsequently acquired chattel mortgage lien held by the bank. The trial court found that the bank acquired its lien without knowledge, either actual or constructive, of the constitutional lien and rendered judgment in favor of the bank.

▪ The constitutional provision referred to grants to mechanics, artisans and materialmen a lien upon the "buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor." The lien granted is not created by, and does not exist by virtue of, any instrument in writing or legislation since the constitutional provision is self-executing. Warner Elevator Mfg. Company v. Maverick, 88 Tex. 489, 30 S.W. 437, 31 S.W. 353; Strang v. Pray, 89 Tex. 525, 35 S.W. 1054.

▪ No laws have been enacted providing for the filing or recording of affidavits

or in any other way giving statutory constructive notice of the constitutional artisan's lien on chattels. Appellant contends that different liens on the same property have priority according to the time of their creation, recognizing, however, that equity will postpone him who is prior in time to him who has been induced to purchase through want of knowledge of the prior lien, where it is the duty of the prior lienholder to communicate. 36 Tex.Jur.2d 687 et seq., Liens, Sec. 12. Appellant says that he had no duty to inform the bank of its lien since it had no notice that the bank intended to loan money on the security of the plane and since there was no means by which it could give constructive notice.

In Farmers' & Mechanics' Nat. Bank of Ft. Worth v. Taylor, 91 Tex. 78, 40 S.W. 876, aff'd 91 Tex. 78, 40 S.W. 966, the Court of Civil Appeals, in discussing Art. 3295, Rev.Statutes 1895, enacted by the legislature pursuant to Art. XVI, Sec. 37, of the Constitution of Texas, said:

> "The legislature is commanded simply to provide by statute for the 'speedy and efficient enforcement' of such lien. The provisions of the statute requiring the claim to be recorded were intended to protect mechanics, artisans, and material men as against subsequent purchasers, mortgagees, and lien holders in good faith without notice, by furnishing constructive notice to the world of the existence of the lien, in designating where such matters can be found recorded, and thus making it the duty of persons dealing with the property to examine such records before advancing money on the property. Our statutes provide for the registration of deeds, and when a purchaser of lands complies therewith, his title is 'fixed and secured' against the world. Yet he may refuse or fail to record his deed, and be just as secure in his title as against all persons who have notice of his title or claim. A vendor of land who conveys the same by a deed which expresses in its face the amount of purchase price remaining unpaid, 'fixes and secures' his lien on the land conveyed by reason of such recital; but he may fail to insert such a recital, and yet his lien will exist in full force against all who deal with the property having notice that the purchase money is in fact unpaid."

The Supreme Court, in its opinion affirming the case said: "We deem it unnecessary to attempt to add anything to the clear and satisfactory statement made by said court of the legal principles governing the case."

The Commission of Appeals of Texas, in Moore v. Carey Bros. Oil Co., Tex.Com. App., 269 S.W. 75, 39 A.L.R. 1247, said:

> "An oil well casing coming within the class of 'buildings and articles made,' for which the Constitution gives to him who furnishes material therefor a lien, the lien in this case is a constitutional lien.
>
> "The lien does not depend upon the statute. The Legislature has no power to affix to that lien conditions of forfeiture. The Legislature is commanded by the Constitution simply to provide for the 'speedy and efficient enforcement' of the lien. No record at any time is necessary to give the lien. The filing and recording of the contract or account, as provided by the statute, is not necessary in any case arising between the original contractor and the original owner. The provisions of the statute requiring the claim to be recorded were intended to protect the persons having the liens against subsequent purchasers, mortgagees, and lienholders in good faith without notice, by furnishing constructive notice of the existence of the lien. Farmers' & Mechanics' National Bank v. Taylor, 91 Tex. 78, 40 S.W. 876, 966; Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Keating Implement & Machine Co. v. Marshall Electric Light & Power Co., 74 Tex. 605, 12 S.W. 489."

■ Thus it appears that recordation statutes have been enacted to give holders of liens a means of preventing the failure of enforcement which would follow the acquisition of the property by a bona fide purchaser, which would be unnecessary were there no duty to communicate, or, if notice is given by the constitutional provision as has been held in the case of certain statutory liens. Frith v. Wright, Tex.Civ.App., 173 S.W. 453.

■ The lien granted to mechanics, artisans and materialmen by Sec. 37 of Art. XVI of the Constitution can only be enforced in equity and no enforcement will lie as against an innocent purchaser. J. R. Dunaway Rig & Lumber Company v. Blessing, Tex.Civ.App., 274 S.W.2d 90, writ ref.; Wichita Falls Sash & Door Co. v. Jackson, Tex.Civ.App., 203 S.W. 100. We see no reason why the same protection should not be accorded a bona fide mortgagee. See "The Constitutional Lien on Chattels in Texas," 28 Tex.Law Review 305.

■ The trial court has found that appellee was a bona fide mortgagee. It is not contended that the bank had actual knowledge of appellant's lien. The evidence fails to show that the bank had knowledge of such facts as would cause a fair and prudent man of ordinary caution to make further inquiry. The facts do not show as a matter of law that the bank had constructive notice of appellee's lien. In the absence of actual or constructive notice of appellant's lien on the plane, appellee's mortgage was properly held by the trial court to constitute a prior lien on the plane.

■ Appellant has also urged that the trial court erred in holding that the Federal Aviation Act of 1958 supersedes the Texas Constitution and renders invalid or inferior the artisan's lien provided by Sec. 37 of Art. XVI thereof.

It is our opinion that Congress clearly undertook to pre-empt the field of conveyancing of interests in aircraft and portions thereof to facilitate the control and promotion of air commerce. The recordation provisions of the Federal Aviation Act are within the scope of proper application of Federal law in a field of Federal competence. Congress has prescribed the only way in which aircraft may be transferred and in which liens upon aircraft may be duly recorded. The statute voids as to third parties without actual notice conveyances and liens which are not duly recorded. Civil Aeronautics Act (Act of June 23, 1938, Ch. 601, Vol. 52 Stat. 977), 49 U.S.C. § 401 et seq., as amended; Blalock v. Brown, 78 Ga.App. 537, 51 S.E.2d 610, 9 A.L.R.2d 476; In re Veterans' Air Express Co., 76 F.Supp. 684 (U.S.D.C., N.J.1948); United States v. United Aircraft Corporation, 80 F.Supp. 52 (D.C.D., Conn.1948).

■ It is settled that the Constitution and statutes of the State of Texas must yield to conflicting provisions of Congressional Acts and Federal regulations pursuant thereto pertaining to subjects which are within the scope of Federal power. Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L. Ed.2d 180; Shaddock v. Grapette Co., Tex. Civ.App., 259 S.W.2d 231; Mulcahy v. Pasadena State Bank, Tex.Civ.App., 335 S.W. 2d 258.

■ Appellant sent to the Federal Aviation Agency a letter claiming its constitutional lien on the plane and certain documents evidencing it. None of these instruments complied with the statutory requirements for filing. While appellee did not examine the instruments recorded as required by the Federal Aviation Act, constructive notice of the Constitutional lien claimed by appellants was not visited on it because the lien would not have been disclosed by an examination of the instruments properly filed with the Agency. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62; Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739.

The judgment of the trial court is affirmed.