

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 16, 1971

Honorable J. C. Dingwall
State Highway Engineer
State Highway Department
Austin, Texas 78701

Opinion No. M-809

Re: Whether the State Highway
Department may legally ad-
vertise and award Highway
Construction projects fi-
nanced with both state and
federal funds without pro-
vision for the general rate
of per diem wages provided
in Article 5159a, V. C. S.

Dear Mr. Dingwall:

We quote, in part, from your letter requesting an opinion of
our office, as follows:

"The President's proclamation of February 23,
1971, suspended the provisions of the Davis-Bacon Act
and the provisions of all other Acts providing for the
payment of wages which provisions are dependent upon
determinations by the Secretary of Labor, under the
Davis-Bacon Act. The Federal Highway Administrator
has advised that proposals for Federal-Aid projects on
which bids are opened after March 5th, 1971, must con-
tain no wage determinations made under the provisions
of State Statutes or other wage determination processes.

"Can the State Highway Department legally ad-
vertise and award Highway Construction projects fi-
nanced with both State and Federal Funds that do not
contain the general prevailing rate of per diem wages
as provided in Article 5159a, V. C. S. ?

"The general prevailing rate of per diem wages
will be included in Highway Construction projects fi-
nanced entirely with State Highway Funds as provided in
Article 5159a, V. C. S. . . . ."

-3928-

Also, you have furnished us copies of a legal memorandum and administrative construction by the Solicitor of Labor, U.S. Department of Labor, dated March 1, 1971, addressed to all States' Attorneys General (Appendix "A" attached hereto) and a legal opinion dated March 1, 1971, from the Attorney General's Office, to the Solicitor of Labor (Appendix "B" attached hereto.)

We are in agreement with their interpretation of the effect of President Nixon's action and emergency proclamation, which was to remove from the federally involved construction contracts entered into on or after February 23, 1971, all otherwise applicable federal requirements that laborers and mechanics be paid at least the wage rate determined by the Secretary of Labor, U.S. Department of Labor, to be prevailing for their crafts. We also concur in the Attorney General's interpretation that all state-required wage standards provisions have been rendered inapplicable for the duration of such suspension to federally involved construction contracts on which the wage payment requirements of the federal statutes and regulations have been suspended. As we construe that interpretation, it is limited to federally-assisted construction projects which are subject to statutory provisions (e.g., 12 U.S.C. 1701q(c), 20 U.S.C. 848, 42 U.S.C. 2685, 3107), requiring the payment of wages determined in accordance with the Davis-Bacon Act, 46 Stat. 1494, as amended.

You also have advised that the federal Department of Transportation has notified all Regional Federal Highway Administrators and Division Engineers that in order to comply with the federal contractual requirements for obtaining the construction funds on which bids are opened after March 5, not only must the deletion of Davis-Bacon provisions be effected, but the bids

> ". . . must contain no wage determinations made
> under the provisions of state statutes or other wage de-
> termination processes. "

Such are the conditions of the federal grant, and failure to comply therewith will apparently preclude the state from obtaining such federal monies.

First, we will consider the standing and effect of the President's proclamation. The principle is well established in both the realm of federal law and federal-state relations that

> ". . . where Congress has authorized a
> public officer to take some specified legislative
> action when in his judgment that action is neces-
> sary or appropriate to carry out the policy of
> Congress, the judgment of the officer as to the
> existence of the facts calling for that action is not
> subject to review . . ." U.S. v. Bush, 310 U.S.
> 371 (1940.)

In this Bush case, the President of the United States acted, as author-
ized under Act of Congress, by Proclamation to increase the duty and
changes in classification of certain foreign imports. In the earlier case
of Dakota Cent. Telephone Co. v. State of South Dakota, 250 U.S. 163
(1919) the very broad powers of the President to take possession and
control of telegraph, telephone, and other communication companies,
and operate them, by Proclamation, under authorization of Congress
and his wartime powers, was upheld. An Executive Order of the Presi-
dent

> ". . . is to be accorded the force and effect
> given to a statute enacted by Congress. . ."
> Farkas v. Texas Instrument, Inc. 375 F.2d 629
> (5th Cir. 1967, cert. den. 389 U.S. 977.)

The power of the President to act by the Proclamation under con-
sideration is fully sustained by the authorities cited in support of the text
in the text book entitled Modern Constitutional Law, by Chester J. Antieau,
Volume II, Section 11:21 at pages 222-231, and Sections 13:22 through
13:25 at pages 526-531.

The interpretation of a federal statute subject to construction
by the executive department charged with its administration and enforce-
ment is entitled to the highest respect from the courts. 42 Am. Jur. 392,
Public Administrative Law, Sec. 78; Roland Electric Co. v. Walling, 326
U.S. 657 (1946); Mabee v. White Plains Pub. Co., 327 U.S. 178 (1946);
Boutell v. Walling, 327 U.S. 463 (1946.)

Article 5159a, Vernon's Civil Statutes, which provides for wage
standards provisions in Texas, is thus inapplicable to the above mentioned
federally involved construction contracts for the duration of such suspension.
The suspension provision (40 U.S.C. 276a-5) in our view precludes a state

from imposing its own "Davis-Bacon" requirements on construction otherwise subject to the Davis-Bacon statutes. The purpose of those statutes was to provide a federal wage floor on those affected construction contracts in which the federal government had an interest. This floor was removed by the President's emergency proclamation in the national interest. If the state were empowered to interpose its own wage floor on such federal construction contracts, such would frustrate and render impotent the essential purpose of the suspension provision, which was designed to permit the President to suspend any wage floor, whether federal or state, in the national interest.

In Attorney General Opinion No. S-185 (1956), it was held that Article 5159a was in conflict with the Davis-Bacon Act, as applied to the construction of armories by the Texas National Guard Armory Board. However, as that Opinion makes clear that construction was being carried out under a different Act of Congress, the National Defense Facilities Act of 1950, Section 6b, as amended, which expressly recognized that the construction "shall be done in accordance with the laws of such state . . ." Furthermore, the amendment had been interpreted by the Department of Defense

> ". . . to mean that State laws and procedures control the letting of construction contracts only insofar as such laws are in conflict with Federal Statutes and procedures and that the Federal laws apply if there is no such conflict."

The Attorney General thereupon concluded:

> "Accepting this interpretation, the Davis-Bacon Act will apply if it is not in conflict with the State law, but Article 5159a will apply if there is a conflict between these two statutes."

In other words, the conditions of the grant were controlled by another and specific federal Act, outside the scope of the Davis-Bacon Act.

We have concluded that the factual and legal situation presented by your request is legally distinguishable from that presented in Attorney General Opinion No. S-185. In the present situation, the Davis-Bacon Act

and federal laws and regulations under which the construction work is being performed do not expressly provide for state laws and procedures to control the letting of the construction contracts. Furthermore, they have been interpreted by the Labor Department and Department of Justice to the effect that such state statutes were not applicable under the suspension provision. Since Article 5159a would, if applicable, necessarily conflict with the federal law, we are not required to hold that the state law controls, as was held in Opinion S-185.

It is our opinion that our state statute must yield to any conflicting provisions of congressional acts and federal regulations pursuant thereto pertaining to those subjects within the scope of federal power. Continental Radio Co. v. Continental Bank & Trust Co., 369 S. W. 2d 359 (Tex. Civ. App. 1963, error ref., n. r. e. ); Free v. Bland, 369 U. S. 663 (1962, revg. 344 S. W. 2d 435, Tex. Sup., 1961, and conformed to 359 S. W. 2d 27) holding that any state law, however clearly within state acknowledged power, which interferes with or is contrary to federal law, must yield. The Davis-Bacon Act and its related statutes involve a proprietary function of the federal government. If state policy were to prevail, a collision between it and federal policy would result and therefore, the latter policy must govern. See Paul v. United States, 371 U. S. 245 (1963.)

In view of the foregoing, we answer your question in the affirmative.

## SUMMARY

The State Highway Department may legally advertise and award federally involved highway construction contracts, financed with both state and federal funds, which do not contain the general prevailing rate of per diem wages as provided in Article 5159a, Vernon's Civil Statutes, in view of President Nixon's emergency proclamation suspending the provisions of the Davis-Bacon Act (46 Stat. 1494, as amended) as well as all other federal acts for the payment of wage rates on such projects which are dependent upon prevailing wage determinations by the Secretary of Labor under the Davis-Bacon Act.

Article 5159a, V. C. S. , has been rendered inapplicable, for the duration of such suspension to all federal construction contracts entered into on or subsequent to February 23, 1971, and until otherwise provided, calling for the payment of wages as provided in the Davis-Bacon Act of March 3, 1931, as amended, or any other Acts calling for the payment of wages, the provisions of which are dependent upon determinations by the Secretary of Labor under the Davis-Bacon Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By: _NOLA WHITE_
First Assistant

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

J. C. Davis
Pat Bailey
John Reeves
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant