**406**

**Coke L. GAGE, Appellant,**

v.

**HOLLYWOOD OVERHEAD DOOR COMPA-
NY OF FORT WORTH et al., Appellees.**

**No. 17323.**

Court of Civil Appeals of Texas,
Fort Worth.

June 9, 1972.

Rehearing Denied July 7, 1972.

Morgan & Nobles, and Wm. A. Nobles,
Decatur, for appellant.

Hunter & Greenfield, Timothy J. Vine-
yard, and Bill C. Hunter, Dallas, for appel-
lees.

OPINION

MASSEY, Chief Justice.

In mid 1968 plaintiffs Hollywood Over-
head Door Company of Fort Worth and
Dallas Pump Service Company provided to
a contractor by the name of Rockwell cer-
tain personal property we denominate as
doors and "lifts" for installation in a build-
ing under construction by the contractor
for defendant Coke L. Gage. Sale was to
the contractor under transactions to which
Gage was not participant, and invoices
were in accord. The doors and "lifts"
were installed in August and/or Septem-
ber, 1968.

The contract between Gage and Rock-
well was completed about the latter part of
September, 1968. Within a few months
thereafter, by payments made to such con-
tractor, or in his behalf, Gage fully dis-
charged all his obligations provided by the
construction contract. By a Finding of
Fact the trial court found that Gage had
paid all sums of money due under the con-
struction contract prior to the receipt of
any notice that either plaintiff had unpaid
accounts (for the doors and "lifts") due
from Rockwell. When there is reference
to the record it becomes obvious that the
time of the last payment was after Rock-
well had completed all the work demanded
of him in respect of the construction, and
was in complete discharge of all of Gage's
liability under the contract, treated as fully
performed by Rockwell. Notice by plain-
tiffs to Gage that they were claiming a
lien upon the doors and "lifts" because of
the debt of Rockwell was given early in
1969.

Despite the fact finding upon the matter
of absence of notice of plaintiffs' liens the
trial court, in its Conclusions of Law,
found that the doors and "lifts" aforemen-
tioned (which could be removed from the

building in which they were installed without material damage or detriment to the realty, etc.) were personal property upon which the respective plaintiffs held liens first and superior to any claim or interest therein of defendant Gage.

In accord with such legal conclusion the judgment of the trial court was for the respective plaintiffs in award of a decree of their entitlement to remove the doors and "lifts" from the building and for foreclosure of the plaintiffs' liens thereon as security for the unpaid debt of Rockwell. Additionally, plaintiffs were given a personal judgment against said contractor, with provision for credit thereon pursuant to such lien foreclosure. Rockwell did not appeal. Gage did appeal.

We are fortunate in having as authority the law expounded in the case of J. R. Dunaway Rig & Lumber Company v. Blessing, 274 S.W.2d 90 (Texarkana Tex. Civ.App., 1954, error refused). The factual background of the instant case is identical with that in *Dunaway*. There is no distinction because the factual finding made in our case is the same as the finding presumed in *Dunaway* (Findings of Fact not having been made), to-wit: that the building owner had no notice of any indebtedness owing plaintiff by the contractor for materials furnished and installed in carrying out the construction contract when he discharged all the owner's liability thereunder.

In *Dunaway* the holding was that despite the provision for the plaintiffs' lien under V.A.T.S., Constitution, Article 16, Section 37, the court would not direct its foreclosure under the fact presumed, i. e., the want of notice thereof to the owner prior to the time of such owner's payment of the full construction contract price. Generally, the premise for the holding was that the remedy, necessarily one granted or withheld under equitable principles, was not to be afforded the applicant therefor when he had delayed giving notice. To grant relief in such a situation would be to compel the owner to either suffer loss of that for which he had paid, or, alternatively, to pay for it twice if he would retain it. The assumption is that such an onerous consequence would have been avoidable if he had received notice. In understanding the underlying philosophy see also Continental Radio Co. v. Continental Bank & Trust Co., 369 S.W.2d 359 (Houston, Tex.Civ. App., 1963, writ ref., n. r. e.). Under existing circumstances the owner's legal position would be identical to that of an innocent purchaser.

In the instant case, as in *Dunaway*, plaintiffs must be relegated to their remedy against Rockwell, the defendant contractor to whom they sold the doors and "lifts". They may not avail themselves of a remedy of foreclosure as against the defendant Gage for want of that notice to Gage essential to the preservation of right to enforce their liens as against him after discharge of his obligations under the construction contract.

Judgment is reversed, and judgment rendered that the plaintiffs take nothing by their suit for foreclosure of lien against property in the possession of the defendant Coke L. Gage.